UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
:
CAMILLE WILLIE MAE WISE,                               :
                                                       :
                              Plaintiff,               :
                                                       :        21-CV-3718 (VSB)
          - against -                                  :
                                                       :        **OPINION & ORDER**
                                                       :
JPMORGAN CHASE,                                        :
                                                       :
                              Defendant.               :
                                                       :
-------------------------------------------------------X

Appearances:

Camille Willie Mae Wise
Bronx, New York
*Pro se Plaintiff*

Christopher Barry Turcotte
Turcotte Law, P.C.
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Before me is Defendant JP Morgan Chase's ("Chase" or "Defendant") motion to dismiss the First Amended Complaint ("Amended Complaint") filed by pro se Plaintiff Camille Willie Mae Wise ("Plaintiff") and Plaintiff's response that the motion be denied or, in the alternative, Plaintiff be granted leave to amend her Amended Complaint.  Because Plaintiff's Amended Complaint fails to state a plausible claim for relief, Chase's motion to dismiss is GRANTED. Because granting leave to amend for a second time would be futile, I decline to grant such leave. This action is therefore dismissed with prejudice.

### I.     Factual Background[1]

Plaintiff alleges that she obtained a line of credit through Chase in 2017 to purchase personal household goods and services. (Doc. 10 ("Am. Compl.") ¶ 20.) Plaintiff's Chase account was closed in 2017 and she received no further communications from Chase about the account. (*Id.* ¶ 21.)

On July 31, 2020, Plaintiff learned that Chase had reported this as a delinquent account when Plaintiff applied for a checking account with Spring Bank. (*Id.*) On October 14, 2020, Plaintiff sent a request for the "validation of debt" to Chase by certified mail. (*Id.* ¶ 22.) Chase responded on October 28, 2020, and verified that the debt was owed. (*Id.* ¶ 23.) Plaintiff filed a complaint with the Consumer Financial Protection Bureau ("CFPB") on January 14, 2021, claiming that Chase refused to validate the debt and delete the allegedly inaccurate information. (*Id.* ¶ 24.)[2] On January 28, 2021, Chase sent a letter stating that "the reporting is correct and will not be removed" and "they [would] not cease reporting activities despite [Plaintiff's] validation of debt request." (*Id.* ¶ 25.) Plaintiff sent a letter in response requesting Chase return any and all payments made on the account, which Chase never did. (*Id.*) Plaintiff then initiated this action in which she alleges that Chase's conduct violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692, and the Truth in Lending Act ("TILA"), 15 U.S.C § 1602. (*Id.* ¶¶ 30–55, 57)

### II.     Procedural History

On April 26, 2021, Plaintiff filed her initial complaint. (Doc. 2.) On July 15, 2021, Chief

---

[1] The following factual summary is drawn from the allegations of the Amended Complaint, which I assume to be true for purposes of these motions. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] Plaintiff does not state the outcome of her complaint to the CFPB.

2

Judge Laura Taylor Swain granted Plaintiff's application to proceed *in forma pauperis*.  (Doc. 4.)  On July 20, 2021, this case was deemed related to another action before me that was also initiated by Plaintiff and has since settled, *Wise v. Early Warning Services, LLC*, 21-cv-03726-VSB, and this case was reassigned to me.  On August 10, 2021, Plaintiff filed her Amended Complaint.  (Doc. 10.)

On October 8, 2021, Defendant filed a motion to dismiss, (Doc. 15), a supporting memorandum of law, (Doc. 17), and the declaration of Christopher B. Turcotte, (Doc. 16).  On December 7, 2021, Plaintiff filed her response in opposition to Defendant's motion to dismiss.  (Doc. 25 ("Opp.").)  On January 6, 2022, Defendant filed its reply memorandum of law.  (Doc. 26.)

### III.   Legal Standards

#### A.   *Motion to Dismiss*

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  This standard demands "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Plausibility . . . depends on a host of considerations:  the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable."  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion under Fed. R. Civ. P. 12(b)(6), a court must "accept all factual

allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor." *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam); *accord Kassner*, 496 F.3d at 237. A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). A "complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 10(c). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

### B.     *Pro Se Litigant*

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (internal quotation marks omitted). Consistent with the duty to liberally construe a pro se plaintiff's pleading, a court can also consider allegations contained in opposition papers. *See Henning*, 2016 WL 297725, at *3; *see also Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (considering affidavit submitted in opposition to defendants' motion to dismiss in reviewing district court's dismissal of pro se plaintiff's claims). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations. *See Walker v. Schult*, 717 F.3d 119, 124

(2d Cir. 2013).  In other words, the "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted).

## IV.     Discussion[3]

### A.     The FDCPA

"[T]he FDCPA is 'primarily a consumer protection statute.'" *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quoting *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008)).  Courts construe the FDCPA liberally to further the purpose Congress intended for the Act, which was to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id*. (quoting 15 U.S.C. § 1692(e)).  To establish a violation of the FDCPA, a plaintiff must satisfy three elements:  (i) the plaintiff must be a "consumer;" (ii) the defendant must be a "debt collector;" and (iii) the defendant must have committed some act or omission in violation of the FDCPA. *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 514 (S.D.N.Y. 2013) (quoting *Schuh v. Druckman & Sinel, L.L.P.*, 751 F. Supp. 2d 542, 548 (S.D.N.Y. 2010)).  Accordingly, "a defendant can only be held liable for violating the FDCPA if she is a 'debt collector' within the meaning of the [FDCPA]." *Feldman v. Sanders Legal Grp.*, 914 F. Supp. 2d 595, 599 (S.D.N.Y. 2012) (citing *Daros v.*

---

[3] Plaintiff asserts a conspiracy based on the "Gold Repeal Act (otherwise known as the Act of June 5 and 6 1933)" which purportedly renders some contract demands against public policy. (Am. Compl. ¶¶ 27–28.)  To the degree that Plaintiff's argument stems from various laws put in place in the 1930s to restrict the private ownership of gold, those laws specifically targeted contract clauses requiring payment in gold and do not apply to obligations rendered after 1977.  *See 216 Jamaica Ave., LLC v. S & R Playhouse Realty Co.*, 540 F.3d 433, 435 (6th Cir. 2008) (summarizing the history of this legislation and its application to "gold clauses").  If Plaintiff seeks relief under these laws, those claims are unavailing as no obligation in this matter was formed before 1977 or implicates a payment to be made in gold.

*Chase Manhattan Bank*, 19 F. App'x 26, 27 (2d Cir. 2001) (summary order)).  A "debt collector" is a person "who regularly collects . . . debts owed . . . another" or a person involved "in any business the principal purpose of which is the collection of any debts."  15 U.S.C. § 1692(a)(6).  The FDCPA expressly excludes application to "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor."  *Id*.

Chase is not a debt collector.  Nowhere in Plaintiff's Amended Complaint does she allege that Chase was attempting to collect a debt.  (*See* Am. Compl.); 15 U.S.C. § 1692(a)(6).  Plaintiff alleges that Chase reported that Plaintiff was delinquent on her account, that Chase verified the debt was owed, and that Chase refused to remove the information.  (Am. Compl. ¶¶ 21, 23–24.)  None of these allegations constitute "collecting debts."  15 U.S.C. § 1692(a)(6).  Nor do they constitute an attempt to collect "debts owed . . . another."  *Id*.  Indeed, courts in this Circuit hold that the FDCPA does not apply to creditors, even if, unlike here, the defendant is alleged to have made some attempt to collect the money owed.  *See Lundstedt v. JP Morgan Chase Bank, N.A.*, 853 F. App'x 704, 707 (2d Cir. 2021) (affirming dismissal of FDCPA claims against Chase because plaintiff did not allege that Chase was "in the business of collecting debts owed to another" to qualify as a debt collector); *Kinel v. Sherman Acquisition II LP*, No. 05 CIV. 3456(RC)THK, 2006 WL 5157678, at *6 (S.D.N.Y. Feb. 28, 2006), *report and recommendation adopted*, No. 05 CIV. 3456(KMW), 2007 WL 2049566 (S.D.N.Y. July 13, 2007) ("The FDCPA excludes creditors seeking to collect their own debts from the definition of debt collector."); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D.N.Y. 1994) (dismissing FDCPA claim against Citibank because it was the creditor, even though separate "debt collectors" attempted to collect money from plaintiff).

Because Plaintiff does not allege that Chase was collecting the debts of another such that

6

it is a debt collector, the FDCPA does not apply to Chase and Plaintiff's FDCPA claims must be dismissed.

### B.     *The TILA*

The purpose of the TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). As relevant here, the statute of limitations period for a TILA claim is one year from when the violation occurred. 15 U.S.C. § 1640(e); *see also Latouche v. Wells Fargo Home Mortg. Inc.*, 752 F. App'x 11, 12–13 (2d Cir. 2018) ("Private actions based on violations of TILA must be brought within one year from the date of the occurrence of the violation." (internal quotation marks omitted)).

Plaintiff proffers numerous provisions of the TILA that Chase allegedly violated. However, she acknowledges in her opposition brief that she "did not specifically identify [her] legal theories entitling [her] to relief." (Opp. 8.) She has not explained how or why her allegations show that Chase violated the TILA beyond asserting, in a conclusory manner that she has stated a claim. Although I have a duty to liberally construe a pro se plaintiff's pleadings, I cannot create facts or craft Plaintiff's legal arguments for her. *See Geldzahler*, 663 F. Supp. 2d at 387. Nonetheless, construing the Amended Complaint as liberally as possible, *Boykin*, 521 F.3d at 214, I address each claim in turn.

First, Plaintiff pleads violations of 15 U.S.C § 1602(p) for the unauthorized "use of a credit card by a person other than the cardholder who does not have actual, implied, or apparent authority for such use and from which the cardholder receives no benefit." (Am. Compl. ¶ 53.) The only support Plaintiff provides for this claim is that "Plaintiff['s] credit card was used to

7

initiate this consumer credit transaction where [P]laintiff received no benefits which is unauthorized use." (*Id.*)  Plaintiff does not explain how credit reporting by Chase implicates the misuse of her credit card or what credit card was used in this transaction.  Moreover, even if Plaintiff stated a claim with "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, which is doubtful given the absence of any alleged or apparent credit card transaction or usage by Chase, this claim would be barred by the one-year statute of limitations.  Plaintiff seems to suggest that the alleged "unauthorized use" of Plaintiff's credit card to "initiate this consumer credit transaction" occurred when the Chase account was opened in 2017, and indeed, this is the only act described by Plaintiff that implicates the kind of credit and credit card lending and billing practices that might conceivably be covered by the TILA. (Am. Compl. ¶¶ 20, 53.)  Any claim related to this transaction is beyond the one-year statute of limitations period.

Plaintiff next alleges that Defendant's violations include its failure to "provide/disclose information required" under the TILA and to "comply with requirements imposed" under the TILA. (*Id.* ¶ 54.)  Plaintiff fails to plead any additional facts from which I could potentially construe or infer a valid claim.  In any event, any claim for failure to disclose or provide information would still be barred by the statute of limitations since Plaintiff's account was both opened and closed in 2017.

Finally, Plaintiff suggests a violation of 15 U.S.C § 1635 through her contention that "Defendants did not give me the right to rescind ANY consumer credit transaction." (Am. Compl. ¶ 55 (emphasis in original).)  Again, Plaintiff does not offer any factual support for this allegation and any claim would be barred by the one-year statute of limitations period.  For the foregoing reasons, even pursuant to a liberal reading of Plaintiff's Amended Complaint,

Plaintiff's TILA claims must be dismissed.

### C.     *Leave to Amend*

If I grant Defendant's motion, Plaintiff requests that I grant her leave to amend the Amended Complaint to address any deficiencies.  (Opp. 1, 9.)  "A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted).  Additionally, "[l]eave to amend may be denied if the amendment would be futile."  *Krys v. Pigott*, 749 F.3d 117, 134 (2d Cir. 2014).

Plaintiff has already amended her complaint once.  I cannot conceive any additional legal bases or reasoning to support Plaintiff's legal theories.  Since Defendant does not qualify as a debt collector under the law, Plaintiff cannot cure the deficiencies with regards to her FDCPA claim.  Moreover, any liberal construction of Plaintiff's TILA claims would still render them barred by the statute of limitations.  Thus, "the problem with [P]laintiff's causes of action is substantive; better pleading will not cure it."  *Igarashi v. Skulls & Bones*, 438 F. App'x 58, 60 (2d Cir. 2011) (cleaned up).  "[W]here a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."  *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).  As granting leave to amend would be futile, I decline to permit Plaintiff to amend her complaint for a second time and the dismissal is thus with prejudice.

### V.     Conclusion

Based on the foregoing reasons, Defendant's motion to dismiss is GRANTED.  Plaintiff's Amended Complaint is dismissed in its entirety.  I decline to grant leave to amend as amendment would be futile.  Therefore, Plaintiff's Amended Complaint is dismissed with prejudice.  The

Clerk of Court is respectfully directed to mail a copy of this Opinion & Order to pro se Plaintiff, close any open motions, and terminate the case.

SO ORDERED.

Dated: August 29, 2023
      New York, New York

Vernon S. Broderick
United States District Judge